FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**J. MICHAEL JAKES**
202.408.4045
mike.jakes@finnegan.com

March 8, 2020

Peter R. Marksteiner
Circuit Executive & Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

***Uniloc USA, Inc. v. LG Electronics USA, Inc.*, No. 2019-1835**

Dear Mr. Marksteiner:

I am writing to correct the record on oral argument. At oral argument, I referred to district court Doc. No. 91 (Plaintiffs' Opposition to Defendants' Motion to Strike Infringement Contentions), filed in the district court on February 19, 2019. Citing this document, I said that "Uniloc has taken the position that these are not means-plus-function claims" and that "Uniloc has not contended that any limitations are governed by 112(6)."

Following oral argument, counsel for Uniloc brought to our attention Doc. No. 94-2 (Exhibit 1 to LGE's Reply in Support of Its Motion to Strike Infringement Contentions), indicating that Uniloc changed its position before briefing of the issue now on appeal was complete. In that document, Uniloc stated that, as of February 25, 2019, certain claim terms in the '049 patent should be subject to § 112, ¶ 6.

The Magistrate Judge issued an Order on Defendants' Motion to Strike Infringement Contentions (Doc. No. 106), which noted that Uniloc presented a document entitled "Amendment to Infringement Contentions" and permitted Uniloc to amend its contentions to add any information it believed necessary to its means-plus-function claims.

These documents, which are not in the joint appendix, are attached to this letter.

To the extent my answers to the Court's questions suggested that Uniloc never contended that any claim term of the '049 patent was a "means-plus-function" term to be construed under § 112, ¶ 6, which was my understanding at the time, that was a mistake and an oversight on my part.

Peter R. Marksteiner
March 8, 2020
Page 2

Sincerely,

*/s/ J. Michael Jakes*

J. Michael Jakes

*Counsel for Defendants-Appellees
LG Electronics U.S.A., Inc., LG
Electronics MobileComm U.S.A., Inc.,
and LG Electronics Inc.*

Attachments:

Doc. No. 91 (Plaintiffs' Opposition
to Defendants' Motion to Strike
Infringement Contentions)

Doc. No. 94 (LGE's Reply in Support
of Its Motion to Strike Infringement
Contentions)

Doc. No. 106 (Order on Defendants'
Motion to Strike Infringement
Contentions)

1  James J. Foster
   Aaron S. Jacobs (CA No. 214953)
2  PRINCE LOBEL TYE LLP
   One International Place, Suite 3700
3  Boston, MA 02110
   617-456-8000
4  jfoster@princelobel.com
   ajacobs@princelobel.com
5
   Attorneys for Plaintiffs
6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                         SAN JOSE DIVISION

10 UNILOC USA, INC.,                    )   Case No.: 5:18-cv-06738-LHK
   UNILOC LUXEMBOURG, S.A., and         )
11 UNILOC 2017 LLC,                     )   **PLAINTIFFS' OPPOSITION TO**
                                        )   **DEFENDANTS' MOTION TO STRIKE**
12       Plaintiffs,                    )   **INFRINGEMENT CONTENTIONS**
                                        )
13 v.                                   )
                                        )
14 LG ELECTRONICS U.S.A., INC.,         )   Date:   March 19, 2019
15 LG ELECTRONICS MOBILECOMM           )   Time:   10:00 a.m.
   U.S.A., INC. and LG ELECTRONICS, INC., )  Place:  Courtroom 6, 4th Floor
16                                      )   Judge:  Hon. Susan van Keulen
         Defendants.                    )
17

18       Northern District Local Patent Rule 3-1 required Uniloc to provide a "chart identifying

19 specifically where and how each limitation of each asserted claim is found within each" accused

20 LG product.  Dkt. 85-4 is that chart.  It covers 40 pages, goes through each limitation of each

21 asserted claim, and states, in detail, what Uniloc *contends* the accused LG products are

22 programmed to do that meets that limitation.  That is all the rule requires.

23       **1.    *Fujitsu* does not pertain to "where and how" limitations are found.**

24       LGE bases its motion to strike (Mot. at 4-6) on *Fujitsu LTD. v. Netgear, Inc.*, 620 F. 3d

25 1321, 1327-28 (Fed. Cir. 2010).  But that opinion seems unrelated to what the local patent rules

26 require.

27       The claims in this action are drawn to how an apparatus is programmed.  Typically, a

28 patent owner would *prove* infringement of that type of claim by introducing evidence (such as

source code or testimony from the manufacturer of the apparatus) of the actual programming of the accused apparatus. But *Fujitsu* provides a possible shortcut, where an industry standard might be involved:

> [A] district court may rely on an industry standard in analyzing infringement. If a district court construes the claims and finds that the reach of the claims includes any device that practices a standard, then this can be sufficient for a finding of infringement. … [I]f an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product.

*Id*. But not in all cases:

> [If] the relevant section of the standard is optional, … standards compliance alone would not establish that the accused infringer chooses to implement the optional section. In these instances, it is not sufficient for the patent owner to *establish* infringement by arguing that the product admittedly practices a standard, therefore it infringes.

*Id.* at 1328 (emphasis added). In the latter situation, the patent owner can still establish infringement by "prov[ing] that the accused products implement any relevant optional sections of the standard." *Id.*

For purposes of denying the motion to strike, it is sufficient to note *Fujitsu* relates only to what evidence a patent owner has to *introduce at trial*, not to "where and how each limitation … is found within" the accused product. *Fujitsu* thus does not relate to how infringement contentions should be drafted.

Uniloc's infringement contentions utilized publicly available materials from the Bluetooth Core Specification to illustrate in detail what Uniloc *contends* the accused LG products have been programmed to do, which programming corresponds to "where and how each limitation… is found." LG's Motion suggests Uniloc may need to introduce additional evidence at trial to confirm LG's products have actually been so programmed. But Local Patent 3-1 does not require disclosure of trial evidence or strategy, only of Uniloc's contentions as to "where and how" each limitation is found.

## 2. The chart applies to all accused products.

LGE complains Uniloc did not provide a separate claim chart for each Accused Product. Mot. at 6-9.

The patent in this action relates to how certain devices communicate with each other. LGE represents, to the public, all of the Accused Devices employ Bluetooth Low Energy 4.0 and above technology to effect that communication. Because LG makes the same representation as to all Accused Devices, Uniloc reasonably contends all of the Accused Devices have the identical programming, in this respect, and stated as much in its contentions. Dkt. 85-4, p.3. As the contentions are identical for each product, there is no need to generate a separate chart for each product, identical to Dkt. 85-4. Dkt. 85-4 should thus be considered as the Rule 3-1(c) chart for each Accused Product.

LGE complains the chart, Dkt. 85-4, mentions some, but not all, Accused Products, and also mentions some products not accused. This complaint apparently refers to Uniloc's inclusion in the contentions of some screenshots mentioning or depicting particular LG products. Those screenshots were included simply to illustrate LG represents to the public its products employ the Bluetooth standard. Those screenshots were not intended to otherwise indicate "where and how" Uniloc contends each limitation is found in any of the Accused Products, nor to identify which products are accused.

As to identifying Accused Products, Uniloc did that in Dkt. 85-3, pp. 1-2. Uniloc will audit that list to eliminate any products that should not have been included, and add any that were missed, upon receiving further information from LG.[1]

### 3. Means-plus-function claims.

LGE faults the contentions for not identifying structures that perform the functions of each limitation Uniloc contends is governed by 35 U.S.C. §112(6). However, Uniloc has not contended any limitations are governed by that section. But if the Court should later find a limitation subject to that section, Uniloc believes the contentions adequately identify the structures that would correspond to the function.

---

[1] The Motion charges Uniloc's contentions "amount to a failure of proof." Mot. at 9. Local Patent Rule 3-1 does not require the patent owner, at this early stage, to adduce evidence "proving" its case, but only to set forth its contention as to "where and how" each limitation is found.

1  Date:  February 19, 2019

2
3
4
5
6

/s/ James J. Foster
James J. Foster
Aaron S. Jacobs (CA No. 214953)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
617-456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

7
8

Attorneys for Plaintiffs
Uniloc USA, Inc., Uniloc Luxembourg, S.A.,
and Uniloc 2017 LLC

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Jacob A. Schroeder (SBN 264717)
   jacob.schroeder@finnegan.com
2  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
3  3300 Hillview Avenue
   Palo Alto, California 94304
4  Telephone:    (650) 849-6600
   Facsimile:    (650) 849-6666
5
   Additional attorneys listed on signature page
6
   Attorneys for
7  *LG Electronics Inc.*
   *LG Electronics U.S.A., Inc., and*
8  *LG Electronics MobileComm U.S.A., Inc.*

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12

13
   Uniloc USA Inc., Uniloc Luxembourg S.A.,          CASE NO. 5:18-cv-06738-LHK
14 Uniloc 2017 LLC,

15              Plaintiffs,                          **LGE'S REPLY IN SUPPORT OF ITS**
                                                     **MOTION TO STRIKE**
16       v.                                          **INFRINGEMENT CONTENTIONS**

17 LG Electronics Inc., LG Electronics U.S.A., Inc., Date: April 2, 2019
   and LG Electronics MobileComm U.S.A., Inc.,       Time: 10:00 AM
18                                                   Place: Courtroom 6, 4th Floor
                Defendants.                          Judge: Susan van Keulen
19

20

21

22

23

24

25

26

27

28

Defendants LG Electronics Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. (collectively, "LGE") moved to strike the infringement contentions provided by Plaintiffs Uniloc USA Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc") because Uniloc's infringement contentions (1) fail to sufficiently link the asserted claim language to any specific accused LGE product, (2) do not account for all accused products, and (3) fail to identify any corresponding structure for several means-plus-function limitations. Uniloc opposed LGE's motion, arguing that LGE's cited authority, *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010), does not apply to infringement contentions, that Uniloc's chart accounts for all accused products, and that the asserted claims do not include any means-plus-function limitations. Uniloc, however, is incorrect on all three fronts. This District employs *Fujitsu*'s standards when evaluating infringement contentions, and Uniloc's failure to contend that the claims are essential to practicing— and directed to the mandatory aspects of—the Bluetooth standard contradicts its stance that the one chart mapped to the standard adequately represents all accused products. Further, the claims recite "means . . . for" performing several functions in multiple claims, and Uniloc has repeatedly taken the position—in this proceeding and others—that these terms invoke § 112, para. 6. Accordingly, the Court should grant LGE's motion to strike.

### 1.     This District Applies *Fujitsu* to Infringement Contentions

In *Fujitsu*, the Federal Circuit acknowledged that a product's compliance with an industry standard may be sufficient to demonstrate infringement when the claims are essential to practicing the standard. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010). But if the relevant portions of the standard are optional or the standard is not implementation-specific, a product's compliance with the standard, in itself, cannot demonstrate infringement. *Id*. at 1327-28. Uniloc agrees with LGE that *Fujitsu* delineates different requirements for demonstrating infringement based on whether claims are standard-essential. ECF No. 91 (Uniloc Opp'n Br.) at 2:2-12. Uniloc even cited and based its infringement contentions on *Fujitsu* to justify providing only one chart for several hundred accused products. ECF No. 85-4 at 1. Despite citing *Fujitsu* in its infringement contentions,

Uniloc now attempts to distinguish *Fujitsu* on the ground that it does not apply to infringement

contentions.[1] ECF No. 91 at 2:2-12. Uniloc is wrong.

This District employs *Fujitsu* when determining whether infringement contentions comply

with Patent Local Rule 3-1. *See, e.g., France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-

CV-04967-WHA-NC, 2013 WL 1878912, at *3 (N.D. Cal. May 3, 2013) (relying on *Fujitsu* to

determine whether claim charts of infringement contentions comply with Patent L.R. 3-1); *Rambus*

*Inc. v. NVIDIA Corp.*, No. C-08-03343-SI, 2011 WL 11746749, at *8-9 (N.D. Cal. Aug. 24, 2011)

(same). And other Districts also employ *Fujitsu* when determining whether infringement contentions

comply with similar local rules. *See, e.g., Secure Axcess LLC v. HP Enter. Servs., LLC*, No. 6:15-

CV-208, 2016 WL 7042229, at *3 (E.D. Tex. Sept. 20, 2016). This logically follows from the

purpose of Patent Local Rule 3-1, namely to "crystallize [plaintiffs'] theories of the case early in the

litigation and to adhere to those theories once they have been disclosed." *Integrated Circuit Sys. v.*

*Realtek Semiconductor Co.*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004). As detailed in LGE's

motion, because Uniloc does not contend that the claims are essential to practicing any mandatory

aspect of the Bluetooth standard, Uniloc's infringement contentions fail to comply with Patent L.R.

3-1 and should be stricken.

Moreover, Uniloc's failure to contend that the asserted claims are essential to practicing the

Bluetooth standard raises the bar for its infringement contentions. In such situations, Courts have

required more than excerpts from standards to comply with local rules:

> Where—as here—an industry standard fails to delineate details
> which are critical to an assertion or determination of infringement,
> such a standard will not, alone, suffice as the basis for Infringement
> Contentions required by this Court's Patent Rules. In sum, Plaintiff
> must explain how each Accused Product is asserted to infringe each
> claim limitation. By relying on the [Bluetooth] standard as the basis
> for its Infringement Contentions, Plaintiff has not complied with the
> requirements of Patent Rule 3–1.

---

[1] If *Fujitsu* does not apply to infringement contentions, as Uniloc now argues, Uniloc should not be permitted to rely on a single claim chart to contend that several hundreds of LGE products infringe the asserted patent, and Uniloc's infringement contentions should be stricken for that additional reason.

LGE REPLY ISO MTN TO STRIKE
UNILOC INFRINGEMENT CONTENTIONS
CASE NO. 5:18-CV-06738-LHK

*Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 709 (E.D. Tex. 2008); *see also France Telecom*, 2013 WL 1878912, at *2–3 (citing *Linex* with approval and applying it to N.D. Cal. Patent L.R. 3-1). In this case, "Plaintiff[s] [have] failed to specifically delineate how the operation of any Accused Product corresponds to any claim limitation, aside from pointing to the [Bluetooth] standard," failing to comply with Patent Local Rule 3-1. *Linex*, 628 F. Supp. 2d at 709.

### 2. Uniloc's Position on Essentiality Contradicts Its Stance on Representativeness

Uniloc's chart does not represent all accused products because, at best, it only partially applies to Android smartphone products and does not carry even a single accused product through every claim element. As can be best understood, Uniloc's chart is not a general one where showing the standard meets each claim limitation will suffice. Indeed, Uniloc does not contend that the claims are essential to practicing any mandatory aspect of the Bluetooth standard. Accordingly, Uniloc must do more than merely state that an accused device implements Bluetooth to comply with Patent Local Rule 3-1(c).

Uniloc has provided no information to support its conclusion that "LGE represents, to the public, all of the Accused Devices employ Bluetooth Low Energy 4.0 and above. . ." ECF No. 91 at 2:1-2. In fact, Uniloc has not provided, in its claim chart or otherwise, any LGE-authored materials advertising Bluetooth "Low Energy" or "LE." Accordingly, Uniloc has not provided the requisite explanation to support one chart being representative of more than 200 accused products.

LGE does not argue that Uniloc needs to chart every single accused product, as Uniloc contends. ECF No. 91 (Uniloc Opp'n Br.) at 2:27-28. Rather, LGE disputes that Uniloc's chart adequately represents all accused products in view of Uniloc's failure to contend the essentiality of the asserted patent to the Bluetooth standard. First, Uniloc's chart does not carry a single LGE accused product through every claim limitation. Second, even if a patch-work compilation of features from different LGE smartphone products could suffice, compliant contentions would not be identical for each accused product. For example, Uniloc's chart relies on documentation of the Android smartphone operating system to allege that Android 4.3 (API level 18) includes built-in platform support for Bluetooth Low Energy (BLE) and provides APIs that apps can use to discover

3

1    devices, query for services, and transmit information (ECF No. 85-4 at 5, 6, 16). Android materials,

2    however, do not apply to products that use other operating systems, such as accused laptop products

3    that run Windows or the accused "PF1000UW Ultra Short Throw LED Home Theater Projector with

4    **webOS** Smart TV and Magic Remote" (*id.* at 1-2). These products, in their name alone, identify a

5    different operating system than that used in Uniloc's only chart. Uniloc's opposition does not

6    address these product-specific materials in its chart, much less how they apply to these other accused

7    products. Even for LGE smartphone products that use an Android operating system, Uniloc's

8    infringement contentions fail to provide the Android version number or contend whether any

9    application in the smartphone products are implemented to use the APIs provided by the BLE to

10    discover devices, query for services, and transmit information. Thus, Uniloc's infringement

11    contentions again fail to meet the requirements of Patent Local Rule 3-1(c).

12           Uniloc's Opposition also does not address the five LGE devices included in Uniloc's chart

13    that are not accused products—three televisions and two headsets. *Compare* ECF No. 85-4 at 18, 20

14    (mentioning TVs and "TONE" headsets), *with id*. at 2-3 (not mentioning any TVs or headsets as

15    accused products). For at least this additional reason, Uniloc's infringement contentions should be

16    stricken.

17         **3.**    **The Asserted Claims Recite Means-Plus-Function Limitations**

18           The asserted claims include limitations that presumptively invoke 35 U.S.C. § 112,

19    paragraph 6. Specifically, the claims include "means . . . for" performing various functions,  such as:

20            •  "means . . . for broadcasting/receiving,"

21            •  "means . . . for adding,"

22            •  "means . . . for including," and

23            •  "means . . . for determining."

24    Uniloc's opposition responds that it needs not provide a corresponding function because it does not

25    contend that these claims invoke § 112, paragraph 6. ECF No. 91 at 3:20-24 ("Uniloc has not

26    contended any limitations are governed by that section."). Uniloc's position raises serious Rule 11

27    concerns, as Uniloc has repeatedly (both months ago and as recent as yesterday) taken the ***exact***

28    ***opposite*** position. *See, e.g.*, Fed. R. Civ. P. 11(b), (c)(3). Uniloc just yesterday conceded that these

terms do invoke § 112, para. 6. Ex. 1 at 1-2 ("Uniloc today contends the following claim terms should be subject to §112(6)"). But Uniloc knew these terms invoked § 112, paragraph 6 several months before, as Uniloc conceded that § 112, paragraph 6 applies to these claim limitations when it asserted the '049 patent against Samsung. Ex. 2 at 2-4; *see also* Ex. 3 at 5. For at least this additional reason, Uniloc's chart is deficient and should be stricken. At the very least, Uniloc should be precluded from alleging that any of LGE's accused products practice any of the limitations Uniloc now contends to be governed by § 112, paragraph 6 based on Uniloc's blatant disregard of Patent Local Rule 3-1(c)'s requirements for means-plus-function limitations.

## Conclusion

For these reasons and those provided in LGE's motion papers, LGE respectfully submits that Uniloc's infringement contentions should be stricken. Alternatively, LGE requests the Court preclude Uniloc from later arguing that the asserted patent claims are essential to practicing the Bluetooth standard, that the cited sections of the standard are mandatory, that any unrepresented products infringe, and that any accused products practice the means-plus-function terms absent a motion for leave with an accompanying showing of good cause.

1 Dated: February 26, 2019

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP


By:    */s/ Jacob A. Schroeder*
Jacob A. Schroeder (SBN 264717)

Gerald F. Ivey (pro hac vice)
gerald.ivey@finnegan.com
Anand K. Sharma (pro hac vice to be filed)
anand.sharma@finnegan.com
J. Preston Long (pro hac vice)
j.preston.long@finnegan.com
Karthik Kumar (pro hac vice to be filed)
karthik.kumar@finnegan.com
Sydney R. Kestle (pro hac vice)
sydney.kestle@finnegan.com
Justin N. Mullen (pro hac vice)
justin.mullen@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4313
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Minjae Kang (pro hac vice to be filed)
minjae.kang@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20180-5675
Telephone: (571) 203-2700
Facsimile: (571) 203-2777

Attorneys for Defendants
LG Electronics Inc.,
LG Electronics U.S.A., Inc., and
LG Electronics MobileComm U.S.A., Inc.

LGE REPLY ISO MTN TO STRIKE
UNILOC INFRINGEMENT CONTENTIONS
CASE No. 5:18-CV-06738-LHK

1    Jacob A. Schroeder (SBN 264717)
    jacob.schroeder@finnegan.com
2    FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, LLP
3    3300 Hillview Avenue
    Palo Alto, California  94304
4    Telephone:    (650) 849-6600
    Facsimile:     (650) 849-6666
5

6    Additional attorneys listed on signature page

7    Attorney for Defendants,
    LG Electronics U.S.A., Inc.,
    LG Electronics Inc., and
8    LG Electronics MobileComm USA, Inc.

9

10                UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13

14    Uniloc USA Inc., Uniloc Luxembourg S.A.,      Case. No. 5:18-CV-06738-LHK

15              Plaintiffs,            **DECLARATION OF JACOB A.**
                                        **SCHROEDER IN SUPPORT OF LGE'S**
16                 v.                 **REPLY IN SUPPORT OF ITS**
                                        **MOTION TO STRIKE**
17    LG Electronics Inc., LG Electronics U.S.A., Inc.,    **INFRINGEMENT CONTENTIONS**
    and LG Electronics MobileComm U.S.A., Inc.,
18                                         **Date: April 2, 2019**
               Defendants.          **Time: 10:00 AM**
19                                         **Place: Courtroom 6, 4th Floor**
                                        **Judge: Susan van Keulen**
20

21

22

23

24

25

26

27

28

I, Jacob A. Schroeder, declare as follows:

1.　　I am counsel for LG Electronics Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. (collectively, "LGE") in Case No. 5:18-CV-6738 pending in this District.  I submit this declaration in support of LGE's Reply in Support of Its Motion to Strike Infringement Contentions.

2.　　The matters stated in this Motion to Strike Infringement Contentions are true and correct to the best of my knowledge and belief and are based upon my personal knowledge.

3.　　Attached as Exhibit 1 is a true and correct copy of Plaintiffs' Proposed Terms for Construction served by Uniloc on February 25, 2019.

4.　　Attached as Exhibit 2 is a true and correct copy of Exhibit A to the Parties' Joint Claim Construction Chart (ECF No. 49-1) from *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, Case No. 2:18-cv-00040-JRG-RSP (E.D. Tx.), filed on November 28, 2018.

5.　　Attached as Exhibit 3 is a true and correct copy of Plaintiffs' Opening Claim Construction Brief (ECF No. 64) from *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, Case No. 2:18-cv-00040-JRG-RSP (E.D. Tx.), filed on February 5, 2019.

6.　　I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on February 26, 2019, at Palo Alto, CA.

　　　　　　　　　　　　　　/s/ *Jacob A. Schroeder*
　　　　　　　　　　　　　　Jacob A. Schroeder

# Exhibit 1

1  James J. Foster
   Aaron S. Jacobs (CA No. 214953)
2  PRINCE LOBEL TYE LLP
   One International Place, Suite 3700
3  Boston, MA 02110
   617-456-8000
4  jfoster@princelobel.com
   ajacobs@princelobel.com
5
   Attorneys for Plaintiffs
6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9                   SAN JOSE DIVISION

10
   UNILOC USA, INC.,                    )  Case No.: 5:18-cv-06738-LHK
11 UNILOC LUXEMBOURG, S.A., and         )
   UNILOC 2017 LLC,                     )  **PLAINTIFFS' PROPOSED TERMS FOR**
12                                      )  **CONSTRUCTION**
          Plaintiffs,                   )
13                                      )
   v.                                   )
14                                      )
   LG ELECTRONICS U.S.A., INC.,         )
15 LG ELECTRONICS MOBILECOMM            )
   U.S.A., INC. and LG ELECTRONICS, INC., )
16                                      )
          Defendants.                   )
17
18        As of today, Uniloc does not believe any terms of the '049 patent need be construed.

19 Uniloc today contends the following claim terms should be subject to §112(6):

20        Claim 1

21         "means for broadcasting"

22        "means for adding"

23        "means for determining when an additional data field "

24        "means for determining whether it has been polled"

25        "means for responding"

26        Claim 2

27        "means for broadcasting"

28        "means for adding"

                    PLAINTIFFS' PROPOSED TERMS FOR CONSTRUCTION
                                        1

3146481.v1

1    <u>Claim 3</u>

2    "means for adding"

3    <u>Claim 4</u>

4    "means for including"

5    <u>Claim 8</u>

6    "means for receiving"

7    "means for determining when an additional data field"

8    "means for determining whether has been polled"

9    "means for responding"

Date:  February 25, 2019

*/s/    James J. Foster*
James J. Foster
Aaron S. Jacobs (CA No. 214953)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

Attorneys for Plaintiffs

# Exhibit 2

# EXHIBIT A
## U.S. Patent No. 6,993,049

|   | Claim Term/ Phrase | Relevant Patent, Claim(s) | Samsung's Proposed Construction | Uniloc's Proposed Construction |
|---|---|---|---|---|
| 1. | primary station | All claims | master station | Ordinary meaning |
| 2. | secondary station | All claims | slave station | Ordinary meaning |
| 3. | inquiry message | All claims | A message sent by a primary [master] station that allows a would-be secondary [slave] station to find a primary [master] station and issue a request to join a piconet | Ordinary meaning |
| 4. | predetermined data fields | All claims | the fields of a standard/conventional inquiry message | Ordinary meaning |
| 5. | additional data field | All claims | an extra field that is added to the "predetermined data fields" of an inquiry message, wherein the extra field includes an address of a secondary station | Ordinary meaning |
| 6. | poll | 1, 8, 10, 11 | a message to which a connected secondary [slave] station may respond with a request to become active | Ordinary meaning |
| 7. | been polled (in the context of "whether it has been polled from the additional data field") | 1, 8, 11 | received a poll that is directed to it | Ordinary meaning |
| 8. | polled secondary station (in the context of "at least one polled secondary station") | 1, 11 | secondary station that has received a poll that is directed to it | Ordinary meaning |

| | Claim Term/ Phrase | Relevant Patent, Claim(s) | Samsung's Proposed Construction | Uniloc's Proposed Construction |
|---|---|---|---|---|
| 9. | polling<br><br>(in the context of "an additional data field for polling at least one secondary station") | All Claims | including a poll directed to | Ordinary meaning |
| 10. | means [are provided] for broadcasting a series of inquiry messages | 1, 2 | Subject to 35 U.S.C. § 112, ¶6<br><br>Function: broadcasting a series of inquiry messages<br><br>Structure: A Bluetooth chip (3:39-40), a radio, an antenna, and a digital controller unit comprising a link baseband controller and microprocessor (3:57-64), collectively programmed to issue inquiry messages in accordance with the algorithm set forth at 4:21-47 and 4:59-5:6 and FIGS. 3-5 | Structure: Mobile PC, mobile or cellular phone, keyboard, mouse, games controller, graphics pad, HID, Bluetooth devices, frequency hopping systems, portable PC, wireless headsets, personal organizers, home entertainment equipment; and the devices and algorithms described in: FIG. 2: 202, 204; FIG. 3; 1:56-57;. 3:59-62; 4:11-18, 23-47; 4:59-5:36; 5:41-55, 60-67; 6:1-6, 25-54; 6:61-7:2 |
| 11. | means […] for adding to [an/each] inquiry message | 1, 2 | Subject to 35 U.S.C. § 112, ¶6<br><br>Function: adding to [an/each] inquiry message<br><br>Structure: Indefinite | Structure: The devices and algorithms described in: FIG. 2, FIG. 5; 4:15-18; 4:23-47; 4-59-5:36; 6:29-39; 6:43-48; 6:64-7:2 |
| 12. | means [are provided] for determining when an additional data field has been added | 1, 8 | Subject to 35 U.S.C. § 112, ¶6 | Structure: The devices and algorithms described in: FIG. 6; 4: |

|  | Claim Term/ Phrase | Relevant Patent, Claim(s) | Samsung's Proposed Construction | Uniloc's Proposed Construction |
|---|---|---|---|---|
|  | to the plurality of data fields |  | <u>Function</u>: determining when an additional data field has been added to the plurality of data fields<br><br><u>Structure</u>: Indefinite | 48-57; 5:9-11 5:36-59; 6:7-24 |
| 13. | means … for determining whether it has been polled from the additional data field | 1, 8 | Subject to 35 U.S.C. § 112, ¶6<br><br><u>Function</u>: determining whether it [a slave/secondary station] has been polled from the additional data field<br><br><u>Structure</u>: Indefinite | Structure: The devices and algorithms described in: FIG. 6; 4: 48-57; 5:9-11 5:36-59; 6:7-24 |
| 14. | means … for responding to a poll when it has data for transmission to the primary station | 1, 8 | Subject to 35 U.S.C. § 112, ¶6<br><br><u>Function</u>: responding to a poll when it [a slave/secondary station] has data for transmission to the primary [master] station<br><br><u>Structure</u>: Indefinite | Structure: The devices and algorithms described in: FIG. 6; 4: 48-57; 5:9-11 5:36-59; 6:7-24 |
| 15. | means are provided for adding the additional data field at the end of a respective inquiry message | 3 | Subject to 35 U.S.C. § 112, ¶6<br><br><u>Function</u>: adding the additional data field at the end of a respective inquiry message | Structure: The devices and algorithms described in: FIG. 2, FIG. 5; 4:15-18; 4:23-47; 4-59-5:36; 6:29-39; 6:43-48; 6:64-7:2 |

|   | Claim Term/ Phrase | Relevant Patent, Claim(s) | Samsung's Proposed Construction | Uniloc's Proposed Construction |
|---|---|---|---|---|
|   |   |   | Structure: Indefinite |   |
| 16. | means are provided for including an indication in one of the predetermined data fields | 4 | Subject to 35 U.S.C. § 112, ¶6<br><br>Function: including an indication in one of the predetermined data fields<br><br>Structure: Indefinite | Structure: The devices and algorithms described in: 4:62-5:6 |
| 17. | means are provided for receiving an inquiry message | 8 | Subject to 35 U.S.C. § 112, ¶6<br><br>Function: receiving an inquiry message<br><br>Structure: A Bluetooth chip (3:39-40), a radio, an antenna, and a digital controller unit comprising a link baseband controller and microprocessor (3:57-64), collectively programmed to receive an inquiry messages in accordance with the algorithm set forth at 4:48-58 | Structure: The devices and algorithms described in: FIG. 6; 4: 48-57; 5:9-11 5:36-59; 6:7-24 |

# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC.,<br>UNILOC LUXEMBOURG, S.A. and<br>UNILOC 2017 LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG ELECTRONICS CO. LTD.,<br><br>   Defendants. | Civil Action No. 2:18-cv-00040 (JRG-RSP) |

| | |
|---|---|
| UNILOC USA, INC.,<br>UNILOC LUXEMBOURG, S.A. and<br>UNILOC 2017 LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>HUAWEI DEVICE USA, INC.<br>and HUAWEI DEVICE CO. LTD.,<br><br>   Defendants. | Civil Action No. 2:18-cv-00074 (JRG-RSP) |

## PLAINTIFFS' OPENING CLAIM CONSTRUCTION BRIEF

Edward R. Nelson III (TX State Bar No. 00797142)
NELSON BUMGARDNER ALBRITTON PC
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485
Email: ed@nelbum.com

Case 2:19-1835 Document 34 Page 26 Filed 03/08/2020

Shawn Latchford (TX State Bar No. 24066603)
NELSON BUMGARDNER ALBRITTON P.C.
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 757-8449
Email: shawn@nbafirm.com

Of Counsel:
Paul J. Hayes (MA State Bar No. 227,000)
James J. Foster (MA State Bar No. 553,285)
Kevin Gannon (MA State Bar No. 640,931)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com

**ATTORNEYS FOR THE PLAINTIFFS**

Plaintiffs, Uniloc USA, Inc., Uniloc Luxembourg, S.A., and Uniloc 2017 LLC (collectively, "Uniloc"), respectfully submit this Opening Claim Construction Brief for U.S. Patent No. 6,993,049 (the "'049 patent").

<u>Ordinary Meaning</u>

Uniloc has requested that the Court simply give the non-means-plus-function (non-MPF) terms their ordinary meaning.

## I.    APPLICABLE LAW

A purpose of claim construction is to simplify technical terminology in a claim for the jury by substituting more readily understandable wording.  *See Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1360 (Fed. Cir. 2008).  However, not all claim terms require construction.  Courts are not required to construe claim terms with well-understood meanings, lest they be "inundated with requests to parse the meaning of every word in the asserted claims." *02 Micro Int'l Ltd. v. Beyond Innovation Tech. Co*., 521 F.3d 1351, 1360 (Fed. Cir. 2008).  If the proper interpretation of a term may be readily apparent to a lay person, then the court should simply apply its widely accepted meaning. *Phillips v. AWH Corp*., 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*). This is one of those instances.

Cases refusing to construe plainly understood terms are legion. *See, e.g.*, *Finjan, Inc. v. Secure Computing Corp*., 626 F.3d 1197, 1207 (Fed. Cir. 2010) (affirming construction of "addressed to a client" as having "its plain and ordinary meaning"); *Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*, 249 F.3d 1341, 1349 (Fed. Cir. 2001) (finding no error in non-construction of "melting"); *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 244 F.3d 1365, 1380 (Fed. Cir. 2001) (finding no error in court's refusal to construe "irrigating" and "frictional heat").

1

| Claim Term/Phrase | Relevant Patent, Claim(s) | Uniloc's Proposed Construction | Huawei's Proposed Construction | Samsung's Proposed Construction |
|---|---|---|---|---|
| Primary station | All claims | Ordinary meaning | Master station | Master station |
| Secondary station | All claims | Ordinary meaning | Slave station | Slave station |

The claims themselves define a "primary station" as a station that has the particular set of features the claims describe (X), and a "secondary station" as a station that has a different particular set (Y). The proposed construction Defendants request would gratuitously read out of the claims a system where a station that has features X is a slave or a station that has features Y is a master. It would also read out embodiments where two (or more) devices practice the method the patent claims, but without establishing a master-slave relationship. Uniloc sees no reason to require reading out those embodiments, and Defendants provide none.

Although Defendants have indicated they may rely upon expert testimony, they have refused repeated requests from Uniloc to produce any expert declaration prior to Uniloc submitting this claim construction brief. Uniloc obviously cannot comment on or refute testimony Defendants have withheld.

| Claim Term/Phrase | Relevant Patent, Claim(s) | Uniloc's Proposed Construction | Huawei's Proposed Construction | Samsung's Proposed Construction |
|---|---|---|---|---|
| Inquiry message | All claims | Ordinary meaning | A message sent by a primary [master] station that allows a would-be secondary [slave] station to find a primary [master] station and issue a request to join a piconet | A message sent by a primary [master] station that allows a would-be secondary [slave] station to find a primary [master] station and issue a request to join a piconet |

Defendants' proposal is substantially narrower than the ordinary meaning of "inquiry."
Setting aside the unwarranted master/slave additions, discussed above, it would rule out inquiry
messages sent for reasons other than enabling another station to join a piconet.  Defendants provide
no reason for reading out those embodiments.

As noted above, Defendants have refused to produce the expert declaration on which they
intend to rely for their construction, making it impossible for Uniloc to comment on or refute that
testimony at this point.

| Claim Term/Phrase | Relevant Patent, Claim(s) | Uniloc's Proposed Construction | Huawei's Proposed Construction | Samsung's Proposed Construction |
|---|---|---|---|---|
| Poll | All claims | Ordinary meaning | A message to which a connected secondary [slave] station may respond with a request to become active | A message to which a connected secondary [slave] station may respond with a request to become active |

Defendants' proposal unnecessarily narrows the ordinary meaning by requiring that the
stations be "connected," and excludes messages seeking responses other than "a request to
become active."  The portions of the intrinsic record Defendants cite do not exclude
embodiments that fall within the ordinary meaning of the claim, but outside Defendants'
arbitrary limits.

Defendants suggest they intend to fill this gap with an expert declaration, but they have
refused to produce that declaration, so Uniloc cannot comment further at this time.

| Claim Term/Phrase | Relevant Patent, Claim(s) | Uniloc's Proposed Construction | Huawei's Proposed Construction | Samsung's Proposed Construction |
|---|---|---|---|---|
| Been polled | All claims | Ordinary meaning | Received a poll that is directed to it | Received a poll that is directed to it |
| Polled secondary station | 1, 11 | Ordinary meaning | Secondary station that has received a poll that is directed to it | Secondary station that has received a poll that is directed to it |
| Polling | All claims | Ordinary meaning | Including a poll directed to | Including a poll directed to |

Defendants' proposal narrows the ordinary meaning to polls "directed to" the secondary station." Again, the cited portion of the intrinsic record does not impose that limitation. As above, Defendants state they will rely upon an expert declaration, but have refused to produce it, making refutation by Uniloc impossible at this point.

| Claim Term/Phrase | Relevant Patent, Claim(s) | Uniloc's Proposed Construction | Huawei's Proposed Construction | Samsung's Proposed Construction |
|---|---|---|---|---|
| Predetermined data fields | All claims | Ordinary meaning | The fields of a standard/convent-ional inquiry message | The fields of a standard/convent-ional inquiry message |
| Additional data field (for polling) | All claims | Ordinary meaning | An extra field that is added to the predetermined data fields of an inquiry message, wherein the extra field includes an address of a secondary station | An extra field that is added to the "predetermined data fields" of an inquiry message, wherein the extra field includes an address of a secondary station |

As these terms would be plainly understood, they need no construction.

<u>Means-plus-function (MPF) terms</u>

Defendants argue that six MPF terms are indefinite.  Although Defendants have the burden of proof on this issue, they provide no explanation other than the placeholder "[e]xpert testimony from Dr. Jonathan Wells that the meaning of this term is indefinite since the claims, read in light of the patent's specification and prosecution history, failed to inform, with reasonable certainty, those skilled in the art as to the scope of the invention."

Uniloc has repeatedly requested Defendants to produce this declaration, to enable Uniloc to meaningfully discuss the indefiniteness issue in this opening claim construction brief.  But Defendants have refused, leaving Uniloc clueless as to what Defendants' argument really is.

In the Joint Claim Construction Statements, Uniloc cited support in the patent for the structures that correspond to the claimed functions.  Defendants have yet to explain why they would disagree with Uniloc's position.

As to two other MPF terms, Defendants do not argue indefiniteness, and the parties' descriptions of the corresponding structure do not appear to diverge in any meaningful way.


Date: February 5, 2019                              Respectfully submitted,

                                                    */s/ Kevin Gannon*
                                                    Paul J. Hayes
                                                    James J. Foster
                                                    Kevin Gannon
                                                    PRINCE LOBEL TYE LLP
                                                    One International Place - Suite 3700
                                                    Boston, MA 02110
                                                    Tel: 617-456-8000
                                                    Email: phayes@princelobel.com
                                                    Email: jfoster@princelobel.com
                                                    Email: kgannon@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
NELSON BUMGARDNER ALBRITTON PC
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
NELSON BUMGARDNER ALBRITTON P.C.
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 5, 2019.

*/s/ Kevin Gannon*

1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7   UNILOC USA INC, et al.,                    Case No.  18-cv-06738-LHK   (SVK)

8                    Plaintiffs,

9            v.                                **ORDER ON DEFENDANTS' MOTION
                                               TO STRIKE INFRINGEMENT
10  LG ELECTRONICS USA INC, et al.,            CONTENTIONS**

11                   Defendants.               Re: Dkt. No. 85

12         In this action, Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, SA (collectively

13  "Uniloc") assert that Defendants LG Electronics U.S.A., Inc., LG Electronics MobileComm

14  U.S.A., Inc. and LG Electronics, Inc. (collectively "LGE") infringe U.S. Patent No. 6,993,049

15  ("the '049 patent").  In particular, Uniloc alleges that numerous LGE products that comply with

16  the Bluetooth Low Energy version 4.0 industry standard—including smartphones, laptops,

17  wireless speakers, and other devices—infringe the '049 patent.

18         Now before the Court is LGE's motion to strike Uniloc's infringement contentions.

19  ECF 85.  The District Judge referred the motion to the undersigned.  ECF 88.  The Court held a

20  hearing on April 2, 2019.  After considering the parties' submissions, the arguments at the hearing,

21  the case file, and applicable law, the Court GRANTS LGE's motion to strike Uniloc's

22  infringement contentions with leave to amend for the reasons set forth below.

23  I.     LEGAL STANDARD

24         This District's Patent Local Rule 3-1 requires the plaintiff to serve a "Disclosure of

25  Asserted Claims and Infringement Contentions" that identifies, among other things:

26         **(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party,
               including for each claim the applicable statutory subsections of 35 U.S.C. §271
27             asserted;

28

United States District Court
Northern District of California

United States District Court
Northern District of California

**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)** A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

**(d)** For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

**(e)** Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality[.]

Patent L.R. 3-1.

Infringement contentions must be specific enough to provide reasonable notice to the defendant why the plaintiff believes it has a "reasonable chance of proving infringement." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). The contentions must be sufficient to raise a "reasonable inference that all accused products infringe." *Shared Memory Graphics*, 812 F. Supp. 2d 1025 (quoting *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002). The contentions "must map specific elements of Defendants' alleged infringement products onto the Plaintiff's claim construction." *Shared Memory Graphics*, 812 F. Supp. 2d 1025 (citation omitted).

These requirements are intended to make the plaintiff "crystallize its theories of the case early in the litigation and adhere to those theories once disclosed." *Id*. at 1024 (citation omitted). Infringement contentions also provide "structure to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Id.* (citation omitted).

2

United States District Court
Northern District of California

## II.   DISCUSSION

### A.   Representative products

LGE argues that Uniloc's infringement contentions are insufficient because Uniloc did not chart even one of the 233 LGE products it accuses of infringement. According to LGE, Uniloc's infringement contentions "only mentions six LGE smartphones, which does not account for the 233 accused products" and, in addition, the contentions "go so far as to mention LGE devices that are not even accused products." ECF 85 (Motion) at 6.

As LGE acknowledges, Uniloc is not required to chart every single accused product. ECF 94 (Reply) at 3. A plaintiff may chart representative products, but if it takes this approach the plaintiff must (1) place all of the accused products into representative categories and (2) provide an adequate explanation of why the claim charts are representative of all of the accused products. *See Bender v. Maxim Integrated, Inc.*, No. C 09-01152 SI, 2010 WL 1135762, at *3 (N.D. Cal. Mar. 22, 2010).

The Court holds that although Uniloc may chart its infringement contentions using representative products, Uniloc's infringement contentions are inadequate for the following reasons. First, Uniloc failed to organize the accused products into representative categories. Uniloc's contentions present one long list of accused products running over 2½ pages. Only extremely close scrutiny reveals the identification of three categories: (1) LG smartphones (ECF 85-3, page 2, line 1); (2) LG laptops (ECF 85-3, page 2, line 25; and (3) LG wireless speakers (ECF 85-3, page 3, line 2). A possible fourth category, home theater projectors, appears perhaps inadvertently in the list as well. ECF 85-3, page 4, line 2, et seq. To further add to the confusion around representative products, Uniloc's claim charts refer to yet other products not on its list of accused devices. ECF 85-4, at pages 20, 22. Not surprisingly, having failed to identify specific product categories and to select representative products from those categories, as well as having charted products that are not accused devices, Uniloc also fails to provide an adequate explanation of how the claim charts are representative of all of the accused devices.

As discussed at the hearing, Uniloc must amend its infringement contentions to identify specific product categories (e.g., LGE phones, LGE laptops, etc.). Then for each category, Uniloc

3

must select a representative product or products.  As elaborated below, Uniloc is to provide a
separate claim chart for each representative product.

### B. Industry standards

LGE argues that Uniloc's infringement contentions are also inadequate in how they
purport to demonstrate infringement by reliance on industry standards relating to Bluetooth
technology.  LGE asserts that if Uniloc wants to rely on the Bluetooth standard, it must expressly
state that (1) the asserted patent claim is essential to practicing the Bluetooth standard, and (2) the
sections of the Bluetooth standard where the claim limitations are alleged to be found are directed
to mandatory, rather than optional, sections of the standard.  ECF 85 (Motion) at 5.

In *Fujitsu Ltd. v. Netgear Inc.*, the Federal Circuit held that "a district court may rely on
an industry standard in analyzing infringement," and specifically, "[i]f a district court construes
the claims and finds that the reach of the claims includes any device that practices a standard, then
this can be sufficient for a finding of infringement."  620 F.3d 1321, 1327 (Fed. Cir. 2010).  The
Federal Circuit explained that "claims should be compared to the accused product to determine
infringement" but "if an accused product operates in accordance with a standard, then comparing
the claims to that standard is the same as comparing the claims to the accused product."  *Id.*
Relying on the reasoning in *Fujitsu*, courts in this district have permitted patentees to rely on
industry standards to disclose their theories of infringement at the infringement contentions stage.
*See, e.g. France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-04967 WHA (NC),
2013 WL 1878912, at *2 (N.D. Cal. May 3, 2013) ("If a court can find infringement based on its
conclusion that the patent's claims 'include []any device that practices a standard,' . . .then at this
phase of the a case . . . showing that a patent's claims include the practice of a standard seems, as a
matter of course, sufficient to disclose plaintiff's theory of infringement.").

Accordingly, this Court holds that Uniloc may chart its infringement contentions with
reference to industry standards.  However, Uniloc's infringement contentions are inadequate
insofar as they do not establish that each representative product complies with the Bluetooth
standard.  Uniloc must amend its contentions to link each representative product to the Bluetooth
standard upon which it relies to demonstrate infringement.  Such a link must be supported by

United States District Court
Northern District of California

evidence that demonstrates the representative product's compliance with that standard. Having thus identified representative products (*see* Section II(A) above) and linked those products to the Bluetooth standard, Uniloc may proceed to chart its infringement contentions for each representative product by mapping the claims of the '049 patent to the standard. As noted above, Uniloc is to provide a separate claim chart for each representative product.

The Court, however, disagrees with LGE's assertion that Uniloc must expressly state in its infringement contentions that the asserted patent claim is essential to practicing the Bluetooth standard or that the sections of the Bluetooth standard where the claim limitations are alleged to be found are directed to mandatory, rather than optional, sections of the standard. Although these issues are relevant to the ultimate question of infringement, the purpose of the infringement contentions is to disclose Uniloc's infringement theories and provide a guide to discovery. Patent Local Rule 3-1 is silent on this issue, and LG presents no authority that suggests, let alone requires, that a patentee take a position on standard essentiality at the disclosure stage of litigation. Therefore, the Court will not require Uniloc to take a position on the issue of whether the '049 patent is a standard essential patent or on whether the relevant portions of the Bluetooth standard are optional at this contentions stage of the case.

**C.** **Means plus function claims**

LGE argues that Uniloc's contentions do not contain all information required under Patent Local Rule 3-1 for means plus function claims. ECF 85 (Motion) at 9; *see also* Patent L.R. 3-1(c) (requiring patentee to identify the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function). At the hearing, Uniloc presented a document entitled "Amendment to Infringement Contentions" as an attempt to remedy these alleged deficiencies. Uniloc will be permitted to amend its infringement contentions to add any additional information it believes necessary to its means plus function claims. The Court does not express any opinion concerning the adequacy of the document offered by Uniloc at the hearing.

**D.** **Doctrine of equivalents**

Although LGE did not challenge Uniloc's infringement contentions relating to the doctrine of equivalents, the Court informed Uniloc at the hearing that its current "placeholder" with respect

5

1  to doctrine of equivalents is not adequate. If Uniloc currently intends to rely on the doctrine of

2  equivalents, it must include that infringement theory in its amended infringement contentions.

3  Any later attempt to amend the infringement contentions to assert doctrine of equivalents will

4  require Uniloc to show good cause. *See* Patent L.R. 3-6.

5  **III.  CONCLUSION**

6       For the reasons discussed above, LGE's motion to strike Uniloc's infringement contentions

7  is GRANTED. **Within fourteen (14) days of the date of this order**, Uniloc must serve amended

8  infringement contentions that comply with the applicable legal standards. As guidance, the Court

9  expects Uniloc's amended contentions to: (1) sort all accused products into appropriate

10  categories; (2) identify one or more representative products for each category; (3) identify any

11  evidence upon which Uniloc intends to rely to link each representative product to any industry

12  standard upon which Uniloc intends to rely to prove infringement; (4) chart Uniloc's infringement

13  contentions as to each representative product by mapping claims of the '049 patent to the relevant

14  industry standard; (5) eliminate references in the infringement contentions to products that are not

15  accused in this action; (6) supplement Uniloc's infringement contentions with respect to means

16  plus function claims as appropriate; and (7) supplement Uniloc's infringement contentions with

17  respect to the doctrine of equivalents as appropriate.

18       In its motion to strike infringement contentions, LGE requests leave to supplement its

19  invalidity contentions within 45 days of any supplemental infringement contentions from Uniloc.

20  LGE's request is premature. Upon receipt of the amended infringement contentions, LGE may

21  move for leave to amend its invalidity contentions upon a showing of good cause.

22       **SO ORDERED.**

23  Dated: April 4, 2019

24

25  SUSAN VAN KEULEN

26  United States Magistrate Judge

27

28

United States District Court
Northern District of California